FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 1 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHELLE COOPER,<br><br>  Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Respondent. | No. CV 07-816-SGL (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that Judgment be entered denying the Petition without prejudice for failure to exhaust state remedies.

DATED: 1-11-08

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHELLE COOPER, | ) | NO. CV 07-816-SGL (AGR) |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | |
| STATE OF CALIFORNIA, et al., | ) | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Respondents. | ) | |

The Court submits this Report and Recommendation to the Honorable Stephen G. Larson, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends the Petition for Writ of Habeas Corpus be denied without prejudice for failure to exhaust state remedies.

///
///
///
///

## I.

## SUMMARY OF PROCEEDINGS

On January 11, 2007, Petitioner pled guilty to one count of possession for sale of cocaine base. (Petition at 2; Lodged Document ("LD") 2 at 1-2.) The trial court sentenced her to four years in state prison. (Petition at 7; LD 2 at 3; LD 3.)

Petitioner did not file an appeal. (Petition at 2.) Petitioner did not file any state habeas petitions in any state court.

On June 6, 2007, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in the Eastern District of California pursuant to 28 U.S.C. § 2254. She raised four grounds: (1) her guilty plea was unlawfully induced or not made voluntarily; (2) her conviction was obtained by use of coerced confession; (3) her conviction was obtained by use of evidence pursuant to an unlawful arrest; and (4) ineffective assistance of counsel. (Petition at 5-6.) By Order filed July 5, 2007, the United States District Court for the Eastern District of California transferred the Petition to the Central District of California.

On August 29, 2007, Respondent filed a motion to dismiss the Petition for failure to exhaust state remedies. Pursuant to Paragraph 4 of this Court's Order filed July 11, 2007, Petitioner's opposition was due within thirty days of the date of service of the motion. Petitioner did not file an opposition. On October 16, 2007, the Court issued an Order requiring Petitioner to file and serve an opposition to Respondent's motion no later than November 15, 2007. The Order stated: "Petitioner is advised that failure to oppose a motion to dismiss may be construed as consent to the granting of the motion, and may result in dismissal of the action. Local Rule 7-12." As of the date of this Report and Recommendation, Petitioner has not filed an opposition to the motion to dismiss.

This matter was taken under submission and is now ready for decision.

## II.

## DISCUSSION

### A. Legal Standards Governing Exhaustion

A prerequisite to obtaining federal habeas corpus relief is the exhaustion of available state judicial remedies. 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Federal courts are required to give the states an initial opportunity to correct alleged violations of their prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). Accordingly, a federal court will not review a petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies on every claim presented. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). A petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981), *cert. denied*, 455 U.S. 1023 (1982).

A petitioner has satisfied the exhaustion requirement if (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it (*Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); or (2) he demonstrates that no state remedy remains available. *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983); 28 U.S.C. § 2254(c). In California, the highest state court is the California Supreme Court. To "fairly present" a federal claim, the prisoner must describe in the state court proceedings both the operative facts and the precise federal legal theory on which his claim is based. *See Duncan*, 513 U.S. at 365-66.

The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed. *See Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000). A district court must dismiss a habeas petition containing only unexhausted claims. *See Rose*,

455 U.S. at 522; *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"). When a petition is dismissed without prejudice for failure to exhaust state remedies and was unadjudicated on its merits, a subsequent habeas petition raising the claims in the first petition is not barred and may be filed without advance permission from a court of appeals. *See Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *In re Turner*, 101 F.3d 1323 (9th Cir. 1997).

### B. The Petition Is Completely Unexhausted and Must Be Dismissed

Petitioner has not presented *any* of her claims to the California Supreme Court. Petitioner did not appeal her conviction and has not filed any state habeas petition in the California Supreme Court. (Petition at 2, 5-6.)

Thus, the Petition in this Court is completely unexhausted and must be dismissed without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

***Petitioner is cautioned that a future federal habeas petition would be subject to the one-year statute of limitations in 28 U.S.C. § 2244(d).*** The one-year period starts either when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). Based on the record before the court, Petitioner was convicted and sentenced on January 11, 2007. (Petition at 2; Lodged Document ("LD") 2 at 1-3.) Petitioner's conviction became final 60 days later, on March 12, 2007. California Rules of Court 30.1(a), (d). Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year statute began to run on March 12, 2007 and will expire one year later. The one-year period would be statutorily tolled when and if Petitioner has a proper state habeas petition

pending.[1] 28 U.S.C. § 2244(d)(2). However, there is no tolling from the time Petitioner's conviction became final and the filing of a first state habeas petition because there was no case "pending" during that interval. See *Thorson v. Palmer,* 479 F.3d 643, 646 (9th Cir. 2007). Tolling means that the "clock" stops while review is pending, and then starts running again, but does not restart at zero.

## III.
## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation and (2) granting Respondent's motion to dismiss the Petition and directing that judgment be entered denying the Petition and dismissing this action without prejudice.

DATED: December 3, 2007

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[1] The one-year period is not statutorily tolled while a federal habeas petition is pending. *Duncan v. Walker,* 533 U.S. 167, 180, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

| | |
|---|---|
| 1 | **<u>NOTICE</u>** |
| 2 | Reports and Recommendations are not appealable to the Court of Appeals, |
| 3 | but are subject to the right of any party to file Objections as provided in the Local |
| 4 | Rules Governing Duties of Magistrate Judges, and review by the District Judge |
| 5 | whose initials appear in the docket number. No Notice of Appeal pursuant to the |
| 6 | Federal Rules of Appellate Procedure should be filed until entry of the Judgment |
| 7 | of the District Court. |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |